# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CAMERON WILLIAMS,

        Petitioner,               Case Number: 2:09-CV-10226

v.                                    HON. LAWRENCE P. ZATKOFF

GREGORY MCQUIGGIN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Cameron Williams has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. In the petition, Petitioner challenges his convictions for first-degree murder and armed robbery. He claims that insufficient evidence was supported to sustain his convictions, his rights under the Confrontation Clause were violated, and that he received ineffective assistance of trial and appellate counsel. For the reasons set forth below, the Court denies the petition and denies a certificate of appealability.

## I.

Petitioner's convictions arise from an armed robbery of a party store in Detroit, Michigan that resulted in two shooting deaths. Petitioner was tried with two co-defendants. The Michigan Court of Appeals summarized the facts adduced at trial as follows:

> Defendants' convictions arise from the December 14, 2001, robbery of the Three J's Party Store in Detroit, during which the store's owner, Yousif Yono, and his son, Jack, were both fatally shot. All three defendants frequented the neighborhood where the store was located and were familiar with the Yonos. Witnesses observed

> defendants Harper and Williams at the store shortly before the shooting. One witness identified defendant Harper as one of two men who ran from the store after gunshots were fired. The two men ran to a red or burgundy Neon. Witnesses observed defendant Harper driving such a vehicle before the shooting. Afterward, defendant Williams helped hide a gun that was later identified as having been used in the shooting.

*People v. Williams*, No. 246111, 2004 WL 3217883, * 1 (Mich. Ct. App. Dec. 28, 2004).

## II.

Petitioner was tried in Wayne County Circuit Court in a joint trial with Laron Harper and Trandell Esters. Petitioner and Harper were tried before separate juries and Esters before the trial court. Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-degree felony murder and armed robbery. On July 3, 2002, he was sentenced to life in prison for the murder conviction and 18 to 30 years in prison for the armed robbery conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised these claims:

I.  Mr. Williams was denied his state and federal constitutional rights to a fair trial, confrontation, and due process of law, through the non-production of witness Larry Evans and the trial court's subsequent determination that due diligence had been exercised and that Evans' preliminary examination testimony could therefore be preserved.

II. The prosecution presented insufficient evidence to prove beyond a reasonable doubt that Mr. Williams, viewed in the light most favorable to the prosecution, was either a principal or aider and abettor in the robbery and shootings, instead showing, at best, some involvement as accessory after the fact; further, the trial court's refusal to grant a directed verdict was an abuse of discretion necessitating reversal.

III. The convictions and sentences for both felony murder and the underlying offense of armed robbery violate Mr. Williams' double jeopardy protections.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Williams*, No. 246111, 2004 WL 3217883 (Mich. Ct. App. Dec. 28, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised

the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Williams*, 474 Mich. 854 (2005).

Petitioner then filed a motion for relief from judgment in state court. He raised these claims:

I. Appellate counsel was ineffective in failing to challenge introduction of Larry Evans' statement on the grounds that it was the product of an illegal arrest and the statement was involuntary.

II. The trial court erred in finding that the prosecution had exercised due diligence in attempting to locate witness Larry Evans.

III. Appellate counsel was ineffective in failing to raise the preceding issues on direct appeal.

The Wayne County Circuit Court denied leave to appeal. *People v. Williams*, No. 02-000628-02 (Wayne County Cir. Ct. Sept. 13, 2006). Both Michigan appellate courts denied leave to appeal. *People v. Williams*, No. 279658 (Mich. Ct. App. Feb. 22, 2008); *People v. Williams*, 482 Mich. 1029 (Mich. 2008).

Petitioner then filed the pending habeas corpus petition. He raises these claims:

I. Petitioner was denied his due process right to be convicted on the basis of sufficient evidence when Petitioner was convicted as an aider and abettor to felony murder, when the prosecution failed to establish even circumstantially that Petitioner "aided and abetted" in the crime.

II. Petitioner was denied his constitutional rights to a fair trial, confrontation and due process of law through the non-production of Larry Evans and the trial court abused its discretion in finding that due diligence had been exercised and that the preliminary examination testimony of Larry Evans could be read into the record.

III. Petitioner was denied the effective assistance of counsel when counsel failed to investigate the illegal nature of Larry Evans' detention and the evidence derived therefrom.

IV. Petitioner Williams was deprived his constitutional right to the effective assistance of counsel on appeal.

### III.

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively

unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with

clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.

### A.

First, Petitioner argues that insufficient evidence was presented to sustain his convictions under an aiding and abetting theory.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006), *quoting Jackson*, 443 U.S. at 324 n.16.

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), *citing Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205 (*citing Jackson,* 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* "A reviewing

court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (*citing Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, __ U.S. __, 130 S. Ct. 665, 674 (2010), *quoting Jackson*, 443 U.S. at 326.

> The elements of felony murder under Michigan law are:
>
> (1) the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result [i.e., malice], (3) while committing, attempting to commit, or assisting in the commission of any of the felonies specifically enumerated in [the felony murder statute, Mich. Comp. Laws § 750.316].

*People v. Carines*, 460 Mich. 750, 759, 597 N.W.2d 130, 136 (1999). Under Michigan law, the elements of armed robbery are: (1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon. Mich. Comp. Laws § 750.529; *People v. Taylor*, 245 Mich. App. 293, 297 (2001).

"To establish that a defendant aided and abetted a crime, a prosecutor must show that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or knew that the principal intended to commit the crime at the time he gave aid and encouragement." *Riley v. Berghuis*, 481 F.3d 315, 322 (6th Cir. 2007) (*citing People v. Carines*, 460 Mich. 750, 597 N.W.2d 130, 135 (1999)). An "aider and abettor's state of

mind may be inferred from all the facts and circumstances. Factors that may be considered include a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime." *People v. Carines*, 460 Mich. 750, 758 (1999). "The quantum of aid or advice is immaterial as long as it had the effect of inducing the crime." *People v. Lawton*, 196 Mich. App 341, 352 (1992).

Although the Michigan Court of Appeals did not specifically cite *Jackson*, the court cited case law which plainly incorporated the *Jackson* standard and held that sufficient evidence was presented to sustain Petitioner's convictions. In reaching this conclusion, the Michigan Court of Appeals relied on the following facts adduced at trial: Petitioner gave a statement to the police admitting his involvement in planning the crime with his co-defendants. There was evidence that Petitioner was involved in hiding a gun that was used in the shooting. Larry Evans testified that Petitioner told him he did not have any money left after the robbery. When police stopped a car in which Petitioner was riding, he fled from the police. *See Williams*, slip op. at 6.

Petitioner has failed to establish that the Michigan Court of Appeals' decision was contrary to or an unreasonable application of Supreme Court precedent. Viewing the facts in the light most favorable to the prosecution, the trial testimony established that Petitioner aided and abetted his co-defendants in the robbery of the party store and that he was aware that his co-defendants possessed the requisite state of mind for felony murder. Given the trial testimony, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to sustain the convictions did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner is not entitled to federal habeas corpus relief on this claim.

**B.**

Petitioner argues that he is entitled to habeas relief because the prosecution failed to exercise due diligence to produce witness Larry Evans and the trial court violated his rights under the Confrontation Clause in admitting Evans' preliminary examination testimony. The trial court allowed Evans' prior testimony to be read into the record following a due diligence hearing.

During the preliminary examination, Evans testified that he was a cousin of Antonio Evans, who was a suspect in the crime and arrested in Ohio during Petitioner's trial. Larry Evans testified that Petitioner, co-defendant Harper, and Evans' cousin Antonio came over to his house sometime after the shooting at the party store. Antonio asked Larry Evans to hide two guns for him. Although he saw television coverage of the party store shooting, Larry Evans did not suspect that the guns were related to that shooting. Later, Petitioner returned to Larry Evans' home to retrieve the guns. Larry Evans heard Petitioner talking about buying several bags of marijuana and also visiting the liquor store, so Larry Evans asked Petitioner to lend him $10.00. Larry Evans testified that Petitioner told him that he had no money left from the robbery.

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Out-of-court statements that are testimonial in nature are barred by the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity for cross-examination regardless of whether the trial court finds the statements to be reliable. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). First, Petitioner argues that the witness was not unavailable because the prosecution failed to exercise due diligence to produce him. "[A] witness is not 'unavailable' for purposes of . . . the exception to the confrontation requirement unless the

9

prosecutorial authorities have made a *good-faith effort* to obtain his presence at trial." *Ohio v. Roberts*, 448 U.S. 56, 74 (1968), *abrogated on other grounds by Crawford*, 541 U.S. at 57-61 (quotation omitted). "The lengths to which the prosecution must go to produce a witness . . . is a question of reasonableness." *California v. Green*, 399 U.S. 149, 189, n. 22 (1970).

The Michigan Court of Appeals held that due diligence was shown in the prosecution's attempt to locate Larry Evans. The state court held that the police acted reasonably in attempting to locate Evans approximately one month before trial, and only four months after the preliminary examination. The court also considered that the police investigated Evans' last known address, contacted the post office and neighbors, and attempted to contact family members and Evans' girlfriend. This Court finds that the facts considered by the Michigan Court of Appeals support its conclusion that the prosecution acted with due diligence and the state court's decision, accordingly, is not contrary to or an unreasonable application of Supreme Court precedent.

Petitioner further argues that the admission of this testimony violated his rights under the Confrontation Clause because he was not permitted to cross-examine Evans at trial. The Michigan Court of Appeals held that admission of the preliminary examination testimony did not violate *Crawford* because Petitioner was permitted to cross-examine Evans at the preliminary examination. Petitioner does not dispute that he had an opportunity to cross-examine Evans at the preliminary examination. The Sixth Circuit has recognized "there is some question whether a preliminary hearing necessarily offers an adequate prior opportunity for cross-examination for Confrontation Clause purposes." *Al-Timini v. Jackson*, 379 F. App'x 435, 437 (6th Cir. 2010), *citing Vasquez v. Jones*, 496 F.3d 564, 577 (6th Cir. 2007) (doubting whether "the opportunity to question a witness at a preliminary examination hearing satisfies the pre-*Crawford* understanding of the Confrontation

Clause's guarantee of an opportunity for effective cross-examination") (internal quotation marks omitted). The Sixth Circuit reasoned that because the purpose of the preliminary examination is only to determine whether probable cause to proceed to trial exists, defense counsel may "lack adequate motivation to conduct a thorough cross-examination . . . and may wish to avoid tipping its hand to the prosecution by revealing the lines of questioning it plans to pursue." *Id.* Additionally, the preliminary examination may occur too early in the proceedings to be useful to the defense. *Id.* Nevertheless, the AEDPA constrains a federal Court to grant habeas relief only if the state court's decision is contrary to or an unreasonable application of clearly established Supreme Court precedent. The Sixth Circuit concluded in *Al-Timini* that no *clearly established* Supreme Court precedent holds that a preliminary examination fails to satisfy the *Crawford* standard of an opportunity for effective cross-examination. *Id.* Therefore, a state court's decision that a preliminary examination satisfies *Crawford's* guarantee is not a basis for habeas corpus relief.

## C.

In his third claim, Petitioner argues that his trial attorney was ineffective in failing to challenge witness Larry Evans' arrest and subsequent statement as the product of an illegal arrest. Respondent argues that this claim and Petitioner's fourth claim are procedurally defaulted.

Federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir.

11

2001). The last explained state court judgment should be used to make this determination. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

The petitioner first presented these specific claims to the state courts in his motion for relief from judgment. The Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. *See* MICH. CT. R. 6.508(D)(3). The United States Court of Appeals for the Sixth Circuit has recently held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Consequently, under *Guilmette*, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Williams,* No. 279658 (Mich. Ct. App. Feb. 22, 2008). This opinion did not rest on a procedural bar; rather, the court denied the application based on an assessment of the merits. Thus, Petitioner's third and fourth claims are not procedurally defaulted.

Petitioner argues that his attorney was ineffective in failing to investigate the detention of Larry Evans and move for suppression of the resulting statement and testimony incriminating Petitioner. Petitioner argues that Evans' arrest was illegal because he was detained without an arrest

12

warrant and no exigent circumstances existed. "Fourth Amendment rights are personal rights which may not be vicariously asserted," *Alderman v. United States*, 394 U.S. 165, 174 (1969), for the purpose of seeking to exclude illegally obtained evidence. *United States v. Payner*, 447 U.S. 727, 731 (1980). "[A] court may not exclude evidence under the Fourth Amendment unless it finds that an unlawful search or seizure violated the defendant's own constitutional rights." *Id.* at 731. A lawyer does not perform deficiently if he or she fails to advance a meritless argument. *See Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006) (holding that counsel cannot be deemed ineffective for failing to raise a meritless objection). Counsel, therefore, was not ineffective in failing to assert a violation of Evans' Fourth Amendment rights.

### D.

Finally, Petitioner argues that he was denied the effective assistance of counsel on appeal because appellate counsel failed to argue that trial counsel was ineffective in failing to investigate the detention of Larry Evans and failed to assert the violation of the Confrontation Clause.

The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

Petitioner claims that appellate counsel was ineffective in failing to raise on direct review

the claims the petitioner raised on collateral review and in his habeas petition. Petitioner has failed to show that any of these claims were potentially meritorious. Therefore, Petitioner cannot show that his appellate attorney was ineffective for failing to raise them on direct appeal.

## V.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

**VI.**

For the reasons stated above, the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED**.

**SO ORDERED.**

                                 s/Lawrence P. Zatkoff
                                 LAWRENCE P. ZATKOFF
                                 UNITED STATES DISTRICT JUDGE

Dated:  May 25, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 25, 2011.

                                 s/Marie E. Verlinde
                                 Case Manager
                                 (810) 984-3290